**Merritt v. Merritt**

*O. Howard Mummau,* for plaintiff.
*Jerrene Zimmerman,* for defendant.

KENDERDINE, *J.,* September 23, 1994—Before the court is a petition to strike off discontinuance of the above-captioned divorce action. The court bases its decision on all verified pleadings of record in the above-captioned divorce action, as well as the record of the various hearings held in conjunction with that action, including the hearing of September 2, 1994 on the above-mentioned petition to strike.

Collectively, such matters of record establish the following:

On July 10, 1992, plaintiff Robert W. Merritt filed a complaint in divorce pursuant to section 3301(c), mutual consent, or section 3301(d), irretrievable breakdown. The complaint also contained a related claim for custody. Defendant Kimberley A. Merritt filed an answer to the divorce complaint on August 31, 1992, in which she admitted that the parties' marriage was irretrievably broken. Also in that pleading she raised by new matter the related claims of spousal support, alimony, alimony pendente lite, attorney's fees, costs, and expenses. In May of 1993, the defendant and the plaintiff filed affidavits of consent to a divorce pursuant to section 3301(c) of the Domestic Relations Code. The defendant also filed an additional related claim for equitable distribution in June of 1993.

On August 10, 1994, plaintiff, pro se, presented to the prothonotary, by mail, a praecipe for discontinuance of the instant divorce action, pursuant to Pa.R.C.P. 229. No divorce master had been appointed in the case at that time. However, the prothonotary refused to accept such praecipe for filing, and returned the document to Mr. Merritt, apparently for reasons unrelated to payment of any costs or fees. It is the view of the court that, if any costs or fees due were paid, such refusal to accept and file the praecipe for discontinuance was improper. *Goodrich-Amram* 2d §229(a):9. Accordingly, the court considers the case to be in discontinued status as of August 11, 1994.

However, because the prothonotary did not actually file such discontinuance as directed, no notice thereof was distributed. Accordingly, on August 12, 1994, defendant filed her inventory and appraisement. After learning of plaintiff's directive to discontinue the action, on August 29, 1994, defendant presented the petition to strike off discontinuance pursuant to Rule 229(c),

before this court sitting as a family business court judge familiar with this case. Also on August 29, 1994, this court issued a *rule* on plaintiff to respond to that petition to strike, returnable at a hearing on September 2, 1994, which plaintiff attended and in which he participated as a pro se party litigant.

Plaintiff contends that he has an absolute right not to pursue a divorce action which he had initiated and that he has a right to withdraw his own consent prior to entry of a decree. Plaintiff is correct in this regard. *Berman v. Berman,* 33 D.&C.3d 134 (1983). On the other hand, Pa.R.C.P. 229(c) does permit the court, upon petition and after notice, to strike off a discontinuance when unilateral termination of an action will result in adversely affecting the rights of the other party by, inter alia, inconvenience or expense which is "unreasonable." The court determines the rationale of the holding in *Smith v. Smith,* 12 D.&C.4th 70 (1991), on which plaintiff relies, to be unpersuasive in the instant case.

For the reasons stated below, this court finds that the discontinuance requested by Mr. Merritt will result in such unreasonable inconvenience and expense to Kimberley Merritt.

The plaintiff contends that he never really desired a divorce and that he filed a complaint in divorce only upon the mistaken belief that such action was necessary in order to litigate custody of his children as a related claim, which claim was his sole objective. In support of that contention, he cites the fact that his complaint consists merely of a request for a divorce on the alternative grounds of mutual consent or irretrievable breakdown, with no related claims other than that of custody, which request comprises the majority of his pleading. However, the court notes that, while he has participated in the divorce action generally as a pro

se litigant since the spring of 1994, Mr. Merritt was represented by counsel at the time he filed his divorce complaint in 1992 and therefore presumably would have been advised that custody issues could be litigated independent of an action in divorce.

Of greater significance, contradicting the assertion that the divorce action terminated by Mr. Merritt was initiated only to litigate custody, is the fact that an order on the custody claim was issued on February 11, 1993, after earlier hearing. By agreement to resolve contempt allegations, the parties revised that custody order on July 1, 1993. A final custody order was issued by the court on November 22, 1993, after hearing on Mr. Merritt's modification request.

Having fully litigated his custody concerns, rather than then discontinuing the divorce action which he purportedly began only to pursue custody issues, Mr. Merritt pursued the following course:

In response to his petition presented in September 1993, after hearing on December 13, 1993, Mr. Merritt was granted exclusive possession of the marital residence.

On September 2, 1993, defendant's counsel served Mr. Merritt with written interrogatories, to be answered in 30 days. On December 15, 1993, a rule was entered upon Robert W. Merritt to show cause why he should not respond to those interrogatories. Kimberley Merritt's counsel filed a brief in support of her motion to compel as well as a separate response to what Mr. Merritt's counsel of record at the time labeled "new matter" in his brief in support of his answer to the motion to compel the plaintiff to answer the interrogatories.

On February 24, 1993, after chambers conference with counsel for both parties, the court entered a Rule 4019 order, directing Robert Merritt to answer a court

revised form of interrogatories by March 9, 1994. On April 11, 1994, in response to defendant's petition alleging that plaintiff's answers to the interrogatories left over 100 questions or parts of questions incomplete or unanswered, a rule was issued on Robert Merritt to show cause why he should not answer those questions. After a hearing on June 10, 1994, this court entered an order directing the plaintiff to answer a further revised form of the requested interrogatories by July 11, 1994.

On July 20, 1994, a petition for sanctions was presented in family business court because of alleged noncompliance with the order of June 10, 1994. A hearing on that petition was pending before this court, to be scheduled for August 11, 1994, when plaintiff presented his praecipe for discontinuance on August 10, 1994.

It is apparent that defendant's efforts to obtain sufficient answers to the posed interrogatories required serial appearances in court by defendant's counsel as well as office time to prepare the motions and petitions related to those proceedings.

Also, rather than discontinuing the divorce action promptly upon completion of the custody claim which Mr. Merritt asserts was his sole reason for instituting the divorce action, he required his wife's attorneys to defend his petition to disqualify defendant's counsel, which he filed on June 3, 1994. Although Mr. Merritt's second counsel in this case was permitted to withdraw from the divorce action generally on April 8, 1994, the plaintiff was represented by new counsel for the limited purpose of prosecuting the claim that Mrs. Merritt's attorney and her law firm should be disqualified from further participation in the case due to an alleged conflict of interest.

After requiring defendant's principal counsel and another attorney in her firm to respond themselves to

respective written interrogatories to assist in more specifically identifying the nature of the conflict of interest which was alleged, on July 28, 1994, this court conducted a hearing on the plaintiff's petition to disqualify defendant's counsel. That hearing required almost an entire day and involved the testimony of two attorneys from the law firm retained by Mrs. Merritt and the questioning of two bank representatives and a real estate agent. After that hearing, by order of August 4, 1994, this court established a briefing schedule on the plaintiff's petition to disqualify defendant's counsel. Pursuant to that schedule, defendant's brief was due on August 31, 1994. Therefore, the disqualification issue, raised by Mr. Merritt two months earlier, also was pending before the court at the time he discontinued the entire divorce action. At the July 28, 1994 hearing, defendant's counsel not only requested that the disqualification petition be dismissed, but also requested an award of attorney's fees, asserting that the disqualification request was spurious.

Clearly, from the time the custody claim was resolved on November 22, 1993, Kimberley Merritt has become obliged to obtain attorney representation for many hours on matters raised by the plaintiff. Also, although she filed no counterclaim for divorce in this case, given the nature of the grounds raised by her husband's complaint—mutual consent and irretrievable breakdown—it is both understandable and reasonable that the defendant was relying on the continuing process of litigating the parties' divorce through the action which Mr. Merritt had initiated. This reliance was demonstrated by both parties filing their respective consents and by the claim for equitable distribution which the defendant filed in June of 1993 and was pursuing by means of the in-

terrogatories pending at the time the plaintiff discontinued this action.

If Robert Merritt truly had begun this divorce action for the sole purpose of addressing custody of the parties' children, he would have terminated this action in 1993. Instead his protraction of the discovery process to the point of a pending sanctions hearing and his attempt to remove his wife's counsel from the case, after he no longer had his own legal representation in the action generally, belies his purported motives for abruptly discontinuing the case. More importantly, in assessing such conduct by the factors listed in Pa.R.C.P. 229(c) it is obvious that, at the very least, this unilateral discontinuance has resulted in unreasonable inconvenience and expense to Kimberley Merritt because the conduct of her husband in this action has caused her to both pursue and defend against claims which now are denied any resolution and yet have resulted in considerable legal expense to the defendant.

Upon consideration of this procedural history, the court enters the following order:

## ORDER

And now, September 23, 1994, defendant's petition to strike off discontinuance pursuant to Rule 229(c) is granted and the above-captioned action is revived, effective August 10, 1994.

However, by separate orders, the court will issue a new briefing schedule on plaintiff's pending petition to disqualify defendant's counsel and will reschedule the hearing on defendant's pending petition for sanctions.